480 P.2d 996

**Claudio A. VERDUGO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**
**Kennecott Copper Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. I CA–IC 390.**[1]

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 24, 1971.

Rehearing Denied July 8, 1971. See 15 Ariz.App. 155, 487 P.2d 1.

Review Granted Sept. 21, 1971.

---

2. These rules are quoted in full in the majority opinion.

1. This matter is governed by the law as it existed prior to January 1, 1969.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, for respondent Industrial Commission of Ariz.

Fennemore Craig, von Ammon & Udall by Michael Preston Green, Phoenix, for respondent Kennecott Copper Corp.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

JACOBSON, Presiding Judge.

In 1963, petitioner suffered an industrially-related back injury for which compensation was awarded, the award subsequently becoming final. His back continued to cause him trouble resulting in numerous accident reports being filed by his employer, Kennecott Copper Corporation. On October 11, 1968, while modifying some Molley Feed Pumps, petitioner again allegedly hurt his back resulting in his filing a petition on November 8, 1968, with The Industrial Commission to reopen his 1963 claim. Also, on November 25, 1968, petitioner filed a new claim alleging a new injury arising out of the October 11, 1968, episode. Both the petition to reopen and the new claim were supported by a letter from his doctor which stated that the doctor was unable to support or discount the allegation that petitioner's present complaints were related to the old injury and that the petitioner gave no history of a new acute injury. Having no other evidence before it, the Commission on February 27, 1969, entered its findings and award finding the October, 1968, injury to be a non-compensable claim and denying reopening of the 1963 claim.

After receiving the February, 1969, awards, petitioner consulted with the Commission office in Tucson, where he was advised that the Commission's action was based upon a lack of medical evidence and that if further medical evidence supporting his claim was furnished, consideration would be given to reopening. Thereafter petitioner, acting upon the belief that because of his continuing back problem, his present complaint stemmed from the 1963 injury, and not the 1968 episode, timely protested the Denial of Reopening the 1963 award, but failed to protest the award finding the October, 1968, injury to be non-compensable, and it became final.

Petitioner subsequently underwent a laminectomy on May 6, 1969. This operation disclosed two herniated discs, one at the L4–L5 level and one at the L5–S1 space. Following the operation three hearings were held in connection with the petition to reopen the 1963 claim. The doctor who performed the laminectomy testified, in essence, that the herniated disc at L4–L5 was fairly recent and in view of the history related to him by the petitioner, he would, to a medical certainty, attribute this injury to the October 11, 1968, episode. However, the herniation occurring at L5–

S1 was of such ancient origin that he was unable to relate this injury to anything, let alone the 1963 injury.

Based upon this evidence the Industrial Commission denied the petition to reopen the 1963 claim for the reason that the petitioner had failed to carry his burden of proof connecting the disc injury at L5–S1 to the 1963 injury. The Commission further held that it was without jurisdiction to consider the October 11, 1968, claim because of the failure to protest and its res judicata effect.

It is with reluctance that we must agree with the Commission's determinations.

■ Petitioner, of course, has the burden of proving, on a petition to reopen, that his present complaints have resulted from his previous industrial injury. Moore v. Industrial Commission, 2 Ariz. App. 143, 406 P.2d 861 (1965). It is equally obvious in this case that petitioner's back problem arose from his suffering two herniated discs. There is no question that the injury at level L4–L5 arose out of a fairly recent injury. In fact, based upon the history given him by petitioner, his doctor testified it probably resulted from the October 11, 1968, episode. This leaves only the injury at L5–S1 as being possibly attributable to the 1963 injury. Because of the age of this injury, petitioner's doctor was unable to determine whether this occurred five years ago or twenty years ago. If the petitioner had been able to show that the only injury to his back had occurred in 1963, this together with the doctor's testimony, may have been sufficient to relate the old herniated disc to the 1963 injury. See Breidler v. Industrial Commission, 94 Ariz. 258, 383 P.2d 177 (1963). However, the record is clear that Kennecott had filed accident reports concerning petitioner's back as early as 1961 and petitioner had filed industrial claims for back injuries in 1961 and in 1965.

In essence, a review of the evidence supports the finding of the Commission that the petitioner did not sustain his burden of relating the old spine injury to the 1963 industrial injury. Therefore there was no justification for reopening that claim.

■ This, then brings us to the predicament in which petitioner finds himself as to the 1968 claim. It is obvious that he now possesses sufficient medical testimony to relate his spine problem at L4–L5 to his alleged October 11, 1968, injury, but has no claim before the Commission as to this injury nor may the Commission take jurisdiction of the claim because of the res judicata effect of its previous award. The decisions are legion that where a plaintiff fails to protest the Commission's findings and award within the 20-day period, that award becomes final, conclusive and res judicata thereby exhausting the Commission's jurisdiction. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969); Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Martinez v. Industrial Commission, 97 Ariz. 275, 399 P.2d 678 (1965); Hale's Estate v. Industrial Commission, 78 Ariz. 202, 277 P.2d 1014 (1954).

Petitioner attempts to rectify this result by arguing estoppel on the part of the Commission arising out of the advice given the petitioner after the awards of February, 1969, and some theory of consolidation based upon Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61 (1968) and Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965). However, our review of the evidence does not support any theory of estoppel against an adjudicatory body such as the Commission and the above-cited cases were not applicable here, where no action whatsoever was taken by petitioner to protest the awards affecting the 1968 claim.

The petitioner is thus left in the posture of suffering an alleged industrial injury and incurring expenses but because of his belief as to the root of his trouble is unable to seek compensation.

This court notes the absence in the Commission's rules of a rule similar to Rule 60(c), Rules of Civil Procedure, 16 A.R.S. Moreover, the court is of the opinion that

**82**

Rule 60(c), Rules of Civil Procedure is inapplicable to Industrial Commission matters to mitigate against the res judicata effect of Commission awards in cases such as are presented by this review. Whether a rule similar to Rule 60(c) made applicable to Industrial Commission matters should be enacted, is a matter for the legislature or the Commission to consider.

Award affirmed.

HAIRE and EUBANK, JJ., concur.