529 P.2d 259

Mary C. CARRANZA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,
Baird's Bread Company, Respondent Employer,
State Compensation Fund, Respondent Carrier.

No. I CA–IC 983.

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 17, 1974.

Davis & Eppstein by Dale D. Tretschok, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel by George B. Morse, State Compensation Fund, Tucson, for respondents employer and carrier.

OPINION

NELSON, Judge.

The petitioner, Mary C. Carranza (Carranza), filed a Request for Hearing to Review the Findings and Award for Temporary Disability entered eight years earlier. After two hearings a Referee's Report was issued subsequent to which the Commission issued its Decision Upon Hearing and Findings and Award for Continuing Bene-

fits. Carranza petitioned this court for a Writ of Certiorari contending that the commission's award for partial temporary compensation should have been for total temporary compensation. Upon review, we affirm the Commission's award.

Carranza sustained an industrial injury during work on January 8, 1964, when a stack of 12-pound bread cases fell on her head and neck momentarily stunning her. She did not consult a physician concerning the injury at that time.

Carranza was seen by Dr. Thomas M. Foreman, an internist, on January 29, 1964, and treated for infected cysts on her face. She did not mention that she had been injured at work. She did not relate anything about her injury to Dr. Foreman until March 2, 1964. Prior to the January 29, 1964 examination, Carranza had been under the care of Dr. Foreman for gastro-intestinal problems, and for general cervical pain radiating up across the back of the head. Dr. Foreman had attributed that pain condition to tension and prescribed an antidepressant drug.

Following the examination of January 29, 1964, Dr. Foreman consulted with Dr. Juan Fonseca, a neurological surgeon, who diagnosed Carranza's condition as a cervical sprain and traumatic labyrinthitis. Thereafter, Carranza was twice hospitalized and treated for this condition and finally discharged form the hospital on May 11, 1964.

Dr. Foreman saw Carranza on May 20, 1964, and found that she was doing well, her examination at that point was completely normal. However, she returned to him on June 10, 1964, complaining of an increase in pain in the back of the head for which he prescribed medication.

On June 22, 1964, Dr. Foreman notified the Industrial Commission that he was releasing Carranza for light work as of July 1, 1964. On July 22, 1964, he notified the Commission that he had released Carranza for regular work as of July 14, 1964.

Dr. Foreman's decision to release Carranza for regular work as of July 14, 1964, was no doubt predicated on the report to the Industrial Commission of a group consultation of four physicians which states the following in its closing comment:

"It is the opinion of the undersigned examiners that this patient's symptoms are the result of a conversion reaction and are secondary to her life situation. Historically her main symptoms did not occur for two months after the accident and therefore in all probability are not directly related to the accident. We feel her condition is now stationary requiring no further treatment or examination and it is recommended that this case now be closed and the patient returned to her regular work. There is no evidence that any functional disability is present as a result of the accident in question."

Carranza's claim for benefits under the Arizona Workmen's Compensation Act was accepted by the Industrial Commission on May 12, 1964. A Findings and Award for Temporary Disability was entered on September 17, 1964, which terminated medical benefits as of July 13, 1964. The Commission also found that Carranza had no physical disability resulting from the accident but made no finding as to mental disability. This Findings and Award bore the stamped names of the Commissioners but not their signatures.

Approximately eight years later, Carranza filed a Request for Hearing on May 5, 1972, in which she alleged: (1) That the Award had not become final since it was not signed by the Commission; (2) that the applicant had suffered continuous physical and mental disability; and, (3) that the Award made no finding as to mental disability although the consultation report noted the existence of a conversion reaction.

In light of Verdugo v. Industrial Commission, 108 Ariz. 44, 492 P.2d 705 (1972), the issue of the Award's finality was not contested and the matter was considered as still being open. Two hearings were held on the merits in September, 1972, and a Referee's Report was issued on January 10, 1973. On April 10, 1973, the Commission

affirmed the findings of the hearing officer and found, among other things, that Carranza was entitled to temporary total benefits from the date of her injury through July 13, 1964, and that she was entitled to partial temporary benefits from July 14, 1964, for a continuing disability until her condition becomes stationary and/or through the date of limitation of sixty months under A.R.S. § 23–1044, to be administratively determined. Carranza appealed this award.

Carranza's primary contention on appeal is that there is insufficient evidence to support a finding by the Commission that she is entitled only to partial temporary compensation. In support of this contention, Carranza refers us to the medical testimony presented in the September, 1972 hearings and the Referee's Report.

Dr. Foreman at that time repudiated his July 14, 1964 concurrence in the consultation report and testified that after additional treatment of Carranza he felt that her complaints were referable to her industrial injury. Several other physicians of various specialties testified that there was really nothing else in Carranza's medical history which would have precipitated her continuing symptoms. On the strength of this testimony, the referee observed in his report that he did not believe that a conflict of expert medical opinion existed as to the legal causation of Carranza's conversion reaction.

Carranza contends that as a result of a continuing disability caused by her conversion reaction, she has been unable to work since her injury in spite of repeated attempts to do so. She argues that the only basis for the referee's finding and the Commission's award for temporary partial disability was her release for light work and later for regular work in July, 1964, by Dr. Foreman. She now urges that Arizona's Workmen's Compensation law permits the return of an applicant to temporary total compensation from temporary partial compensation after an applicant has shown that his or her continuing disability has completely prevented a return to work.

We believe, as apparently the Commission believed, that the referee correctly observed that there was no conflict in the expert medical testimony concerning the legal causation of Carranza's continuing symptoms. However, legal causation of the continuing symptoms was not the real issue before the Commission. Rather the issue was whether these continuing symptoms were sufficient in and of themselves to prevent Carranza from working either partially or totally. From the testimony presented to the referee and the Commission, the conclusion that these symptoms were insufficient to totally prevent her from working is amply supported.

Conflicts in the medical evidence contained in the record pertinent to the issue of whether or not Carranza's continuing symptoms totally prevented her from working are substantial. Aside from the initial fact question raised by Dr. Foreman's repudiation of his position in the July 14, 1964 consultation report eight years thereafter, the record includes considerable additional medical testimony creating a reasonable conflict regarding Carranza's inability to work stemming solely from the continuing symptoms emanating from her industrial injury.

The record reveals that between the injury in 1964 and the hearings in 1972, Carranza had a series of other medical problems not related to her industrial accident. Dr. Foreman treated her in August and September of 1964 for an ear infection. In November of 1964 he treated her for abdominal complaints which she had had in the past. In December of 1964 and January of 1965, she had abdominal pains which led to the removal of her gall bladder by Dr. Ewing in 1965. In September of 1966, Carranza was hospitalized at St. Joseph's Hospital in Tucson by Dr. Jose O'Campo for recurrent cystitis (bladder infection). On May 31, 1970, Dr. D. J. Garland admitted the petitioner to St. Jo-

seph's Hospital where she was treated by Dr. John H. Orazco for gastritis and acute and chronic anxiety.

On July 24, 1972, Dr. Gary A. Okamoto of the Neighborhood Health Center in Tucson treated Carranza for a urinary tract infection. At that time and during her subsequent visits, she related a ten-month depression caused by her failure to have her present husband, Jose Gonzales, emigrated from Sonora, Mexico, to the United States, and she was concerned about her ulcers acting up. She also related a history of pressure-like chest pains for about thirty minutes while visiting her husband in Mexico, at which time she was already very anxious. Dr. Okamoto took an EKG which was normal.

The record is replete with medical evidence which conflicts with Carranza's contention that her conversion reaction is the sole cause for her inability to work.

■ We must review the evidence in this case in a light most favorable to sustaining the findings of the Commission. Spears v. Industrial Commission, 20 Ariz. App. 406, 513 P.2d 695 (1973); Rowe v. Industrial Commission, 20 Ariz.App. 77, 510 P.2d 388 (1973); Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968). If the award of the Industrial Commission is reasonably supported by the evidence it will be sustained. Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968). It is presumed that the Industrial Commission, in making an award, considers all relevant evidence. Scott v. Industrial Commission, 11 Ariz. App. 20, 461 P.2d 499 (1969). On review the appellate court does not weigh the evidence in a workmen's compensation case, but, as we have already noted, considers the evidence in a light most favorable to sustaining the award. Haynes v. Industrial Commission, 19 Ariz.App. 559, 509 P.2d 631 (1973).

■ In this instance the award of the Industrial Commission is supported by the evidence. The Commission had the entire record in this matter before it and concluded from the testimony and medical evidence presented that Carranza was only temporarily partially disabled because of her industrial injury and the resulting conversion reaction. The Commission's award was proper and sufficient in light of the proof presented on the questions of fact before it. See In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969).

■ Carranza also contends that even if we affirm the finding of the Commission regarding the temporary partial disability, as we have done, the *Verdugo* situation, as outlined supra, should give rise to an equitable or quasi-estoppel barrier preventing the enforcement of the sixty-month limitation formerly found in A.R.S. § 23–1044(A) **1**, which is applicable to this case. We are referred to Unruh v. Industrial Commission, 81 Ariz. 118, 301 P.2d 1029 (1956), where the court refused to give a wife the benefit of the patent invalidity of a Mexican divorce where she had previously asserted rights under that divorce. In *Unruh,* supra, the court said:

> \* \* \* \* \* \*
> "While the Commission has no authority to change the statutory condition upon which benefits depend, equitable principles may be applied in matters coming before it. [Case citations omitted]
>
> "There are certain principles recognized which are somewhat analogous to estoppel and which are sometimes described as a quasi estoppel. There the conscience of the court is repelled by the assertion of rights inconsistent with a *litigant's past conduct.*" 81 Ariz. at 120, 301 P.2d at 1031. (Emphasis supplied)

A review of Verdugo v. Industrial Commission, supra, as well as the decisions of this court which gave rise to it, Verdugo v.

---

1. The sixty-month limitation was deleted by the Legislature in 1973, Laws 1973, Chap. 133, § 25.

Industrial Commission, 14 Ariz.App. 79, 480 P.2d 996 (1971), vacated 108 Ariz. 44, 492 P.2d 705 (1972); Benites v. Industrial Commission, 10 Ariz.App. 459, 459 P.2d 738 (1969), vacated 105 Ariz. 517, 467 P.2d 911 (1970); Land v. Industrial Commission, 15 Ariz.App. 117, 486 P.2d 229 (1971), affirmed 108 Ariz. 278, 496 P.2d 139 (1972), indicates we were concerned there with only presumptions and not actual and deliberated conduct, *Verdugo,* supra, 108 Ariz. at 48, 492 P.2d 705. The court recognized in *Benites,* supra, that a rubber-stamped signature certainly could be an official action of the Industrial Commission. It was felt that the better policy was to put the burden of proof of officiality upon the Commission. Where, as here, the Industrial Commission fails to contest the *Verdugo* issue, whether because of difficulty of proof, cost of litigation, or concern for the petitioner, it was not the intent of the *Verdugo* and *Benites* decisions to turn presumptions into actual and calculated conduct which would estop the enforcement of statutes such as A.R.S. § 23–1044(A), supra.

Finally, Carranza urges this court to adopt a legal principle embodied in Industrial Commission Legal Opinion No. 29–65 that the sixty-month limitation in A.R.S. § 23–1044(A), supra, is applicable to the actual months in which compensation is paid, and not to a set calendar timetable. The findings and award of the Industrial Commission do not reflect that Carranza was limited to sixty consecutive months of compensation, regardless of other circumstances, and the respondent employer and respondent carrier did not cross-appeal on this issue. While we are impressed with both the conclusion and the reasoning of the Legal Department of the Industrial Commission in their Opinion No. 29–65, supra, the issue is not before us for decision.

The award is affirmed.

FROEB, Acting P. J., and DONOFRIO, J., concur.

NOTE: Judge LAURANCE T. WREN having requested that he be relieved from consideration of this matter, Judge FRANCIS J. DONOFRIO was called to sit in his stead and participate in the determination of this decision.