542 P.2d 1096

John B. PERRY, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Arthur G. McKee & Company,
Respondent Employer,

General Accident Assurance Corporation,
Respondent Carrier.

No. 12308-PR.

Supreme Court of Arizona,
En Banc.

Nov. 17, 1975.

Rehearing Denied Dec. 10, 1975.

Davis, Eppstein & Tretschok by Robert W. Eppstein, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

**398**

Everett, Bury & Moeller, P.C., by J. Michael Moeller, Tucson, for respondents Carrier and Employer.

HAYS, Justice.

We accepted jurisdiction of the petition for review to decide whether the Court of Appeals can review documentary medical evidence and set an award of the Industrial Commission aside if the court concludes that the weight of the evidence is contrary to the findings of the hearing officer.

John Perry sustained a back injury in the course of his employment. He filed a claim for workmen's compensation benefits and the claim was accepted by the carrier and approved by the Industrial Commission. Subsequently, the carrier issued its notices of claim status which terminated the benefits and discharged Perry without permanent disability. In a timely manner a hearing was held and the Commission awarded Perry medical, surgical and hospital benefits, together with compensation benefits as provided by law from February 2, 1973, the date of the injury, until March 27, 1973, at which time the condition was deemed medically stationary. Perry was not found to be either physically or mentally permanently disabled as a result of his industrial injury.

The Court of Appeals set the award aside upon a writ of certiorari. ARS § 23–951. The decision of the Court of Appeals is vacated. *Perry v. The Industrial Commission,* 24 Ariz.App. 374, 539 P.2d 178 (1975). We reinstate the award of the Industrial Commission.

Because the medical evidence in this case was entirely documentary, the Court of Appeals concluded that it had the same ability to review and evaluate the evidence as did the hearing officer and if the court concluded that the weight of the evidence was contrary to the conclusions of the officer, the court was free to disagree. It cited *Broadus v. The Industrial Commission,* 18 Ariz.App. 429, 503 P.2d 387 (1972).

The *Broadus* case involved documentary medical evidence only. However, the Court of Appeals reviewed the record in that case and eventually held only that the record required a reopening as to an issue of a new, additional or previously undiscovered disability. This is entirely different from making separate findings of fact necessary to set an award of the Industrial Commission aside.

ARS § 23–951(B) provides that appellate review of an award of the Industrial Commission "shall be limited to determining whether or not the commission acted without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award, order or decision. If necessary, the court may review the evidence." The statute is but a codification of what appellate courts of this state have consistently held, and what we reiterate here.

An appellate court does, of course, review all the evidence including the medical records. It does *not,* however, weigh the evidence but considers it in the light most favorable to sustaining the award of the Commission. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972); *Nelson v. Industrial Commission,* 24 Ariz.App. 94, 536 P.2d 215 (1975). It is presumed that the Commission considers all relevant evidence. *Carranza v. Industrial Commission,* 22 Ariz. App. 547, 529 P.2d 259 (1974). The Commission is the trier of fact. *Valdon v. Industrial Commission,* 103 Ariz. 547, 447 P. 2d 239 (1968). It is its duty to resolve all conflicts in the evidence, and it is its privilege to determine which of the conflicting testimony is more probably correct. *Malinski v. Industrial Commission,* 103 Ariz. 213, 439 P.2d 485 (1968); *Nelson v. Industrial Commission, supra.* This is particularly true of a conflict in expert medical testimony. *Graver Tank & Manufacturing Co. v. Industrial Commission,* 96 Ariz. 356, 395 P.2d 712 (1964). The Commission's findings will not be disturbed when the evidence is in conflict but only if

its conclusion cannot be reasonably supported on any reasonable theory of the evidence. *Malinski v. Industrial Commission, supra.* An appellate court is limited to that role even if its members would reach a different conclusion if sitting as the triers of fact. *Malinski v. Industrial Commission, supra.*

▪▪ There was the oral testimony of Perry in this case which the Court of Appeals found to be credible. That was not its determination to make nor was it its prerogative to independently review the medical evidence except insofar as to ascertain if the award of the Industrial Commission was reasonably supported by the evidence. We find that the medical evidence is sufficiently in conflict that it cannot be said that the determination of the Industrial Commission is not reasonably supported by the evidence. We therefore reinstate the award.

STRUCKMEYER, V. C. J., and HOLO-HAN and GORDON, JJ., concur.

CAMERON, Chief Justice (concurring in the result):

I concur in the result.