NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BEATRIZ L. CARRILLO,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF
ARIZONA,
*Respondent*,

MESA UNIFIED SCHOOL DISTRICT,
*Respondent Employer*,

YORK RISK SERVICES GROUP,
*Respondent Carrier*.

No. 1 CA-IC 15-0039
FILED 4-28-2016

---

Special Action - Industrial Commission
ICA Claim No. 20062-890864
INSCA No. 2006,890864
The Honorable Suzanne Scheiner Marwil, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Beatriz L. Carrillo, Mesa
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Jardine, Baker, Hickman & Houston, Phoenix
By K. Casey Kurth
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision of no loss of earning capacity. Beatriz L. Carrillo argues that the administrative law judge ("ALJ") lacked sufficient evidence to find that her injury resulted in no loss of earning capacity. For the following reasons, we affirm the award.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Carrillo suffered a shoulder injury on September 28, 2006, while working as a custodian for respondent employer, Mesa Unified School District ("Mesa").[1] Carrillo received treatment for the injury, was awarded a one percent general physical functional disability and was released for work with no restrictions. Soon after, Carrillo returned to work as a custodian, performing substantially the same duties.

**¶3**        In 2011, Carrillo filed a petition to reopen her claim due to resurgent shoulder pain. Mesa contested the petition, and after a hearing, the ALJ reopened the claim. Carrillo was granted medical benefits and temporary disability benefits. Carrillo saw two orthopedic surgeons; Dr. Stuart Kozinn treated her shoulder, and Dr. David Bailie conducted two independent medical exams. Following Carrillo's release from care on November 28, 2012, Mesa petitioned the ICA for a determination of benefits

---

[1]        When reviewing an ICA award, we construe the evidence in the light most favorable to upholding the award. *See Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

to establish her loss of earning capacity. The ALJ heard testimony from Carrillo, Kozinn and Bailie, and two labor-market consultants, Richard Prestwood and Lawrence Mayer.

¶4 At the conclusion of Kozinn's treatment of Carrillo on December 26, 2012, he rated her "with a 20 percent permanent impairment of the right upper extremity." He testified Carrillo could "return to light duty work as tolerated," adding that she likely would "have symptoms with overhead lifting and she should try to find something in a more sedentary job or something that did not involve increased use of the upper extremities." Bailie disagreed, opining that Carrillo "can return to work without restrictions," and that the impairment Kozinn identified "is not based on anything specific and is not supported by objective evidence."

¶5 Mayer prepared a Loss of Earning Capacity Analysis Report, which stated Carrillo was capable of work as a PC assembler because of her work experience, competence in English, and because assembly is sedentary work within her restrictions. Mayer's assumptions regarding Carrillo's work history and English competence were based on a deposition she gave in 2013. In the deposition, Carrillo testified she had worked on an assembly line at two aerospace parts companies, the first for ten years, the second for eight, and that she could read and understand a newspaper. Mayer stated he also considered Bailie and Kozinn's medical findings when determining that Carrillo could work as a full-time assembler. Mayer identified ten full-time assembler jobs for which he said Carrillo would be qualified that were available in the Phoenix area. Mayer stated that compensation for assembly work is higher than Carrillo received at the time of her injury, and as a result she had suffered no loss of earning capacity.

¶6 Prestwood challenged Mayer's conclusions, asserting Mayer overstated Carrillo's fluency in English and her experience as an assembly/soldering worker. Prestwood interviewed Carrillo in person and reviewed her medical records. According to Prestwood's report, Carrillo is "functionally illiterate in the English language" and possesses no significant transferrable job skills. He stated that, contrary to Mayer's report, Carrillo had not worked continuously for 18 years as an assembler, but only intermittently, working in total only eight years during her time as an assembler. Prestwood asserted Carrillo "would only be qualified for very entry-level unskilled assembly jobs through temporary employment agencies." Prestwood found that given Carrillo's restrictions, the only work available to her would be either as a ticket taker in a parking garage or as a minimum-wage sandwich maker. After calculating her loss of earning

capacity, Prestwood estimated a monthly entitlement between $439.59 and $529.11.

**¶7**        The ALJ reviewed the evidence and found that Carrillo is capable of work as an assembler at a higher rate of pay than before her injury, and as a result, the industrial injury resulted in no loss of earning capacity.  Upon Carrillo's request for review, the ALJ reconsidered the record and upheld the award.  This special action followed.

**¶8**        We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016) and 23-951(A) (2016) and Arizona Rule of Procedure for Special Actions 10.[2]

## DISCUSSION

**¶9**        When reviewing an ICA award, we defer to the ALJ's factual findings, but review questions of law *de novo*.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003).  We consider the evidence in the light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶10**        A claimant is entitled to compensation if an industrial injury causes permanent partial disability.  A.R.S. § 23-1044(C) (2016).  Damages for a loss of earning capacity resulting from a permanent partial disability are calculated based on the difference between the claimant's earnings before the injury and "the amount which represents the employee's reduced monthly earning capacity resulting from the disability."  A.R.S. § 23-1044(C).  It is the claimant's burden to establish a loss of earning capacity. *Zimmerman v. Indus. Comm'n*, 137 Ariz. 578, 580 (1983).  "The claimant can meet this burden by presenting evidence of [her] inability to return to [her] date-of-injury employment and by making a good faith effort to obtain other suitable employment or by presenting testimony from a labor market expert to establish [her] residual earning capacity." *Avila v. Indus. Comm'n*, 219 Ariz. 56, 59, ¶ 14 (App. 2008).

**¶11**        In her decision, the ALJ gave due consideration to the evidence presented by both parties.  The ALJ considered conflicting testimony by the physicians, Kozinn and Bailie.  Although they disagreed about whether Carrillo has any permanent disability, neither testified Carrillo is entirely unable to work, and ultimately, the ALJ granted significant weight to Kozinn's opinion.  The two labor-market experts,

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

Mayer and Prestwood, disagreed about Carrillo's work prospects, given her medical history and experience. Mayer's opinion, based on Carrillo's testimony and medical records, was that Carrillo could work as an assembler. Mayer testified that assembly is sedentary work within Carrillo's medical restrictions and would be available to her based on her 18 years of experience. Prestwood testified assembly work is beyond Carrillo's medical restrictions and that she lacks sufficient experience and English literacy for such a position. The ALJ ultimately accepted Mayer's opinion, finding Carrillo is sufficiently experienced to find work as an assembler, and assembly is work within the medical restrictions Kozinn established.

¶12 An appellate court may disturb an ALJ's factual findings only when they cannot be supported by any reasonable theory of the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398-99 (1975). The evidence before the ALJ was sufficient to support a finding that Carrillo is qualified and medically able to work as an assembler, and that such employment is reasonably available in Phoenix. For that reason, there was sufficient evidence to uphold the ALJ's decision that Carrillo suffered no compensable loss of earnings.

¶13 Carrillo makes several arguments relating to another industrial injury she suffered in 2011.[3] The 2011 injury was resolved by agreement and is not before us. Accordingly, we will not address her arguments regarding the closed case.

¶14 Carrillo also makes several arguments concerning the conditions of her employment, her prior lawyer's alleged misconduct and alleged collusion between the parties. These issues are not relevant to relief available by special action review of an ICA decision, and we decline to consider them.

¶15 Carrillo cites a Social Security disability award in her favor as evidence she was disabled at the time of the hearing. Carrillo's Social Security disability award was not entered in evidence before the ALJ, and it was only mentioned in passing during Carrillo's testimony. It is not possible for the ALJ to weigh evidence not before her, and we will not consider the Social Security award on appeal.

---

[3] ICA Claim # 200112-560058.

**CONCLUSION**

**¶16**         For the foregoing reasons, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: ama