NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KENNETH JACKSON, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

SSP AMERICA, *Respondent Employer*,

NORTH RIVER INSURANCE CO, *Respondent Carrier*.

No. 1 CA-IC 20-0028
FILED 4-1-2021

Special Action - Industrial Commission
ICA Claim No. 20182-400221
Carrier Claim No. DWC00166668
The Honorable Jeanne Steiner, Administrative Law Judge

**AFFIRMED**

COUNSEL

Kenneth Jackson, Chandler
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Quintairos, Prieto, Wood & Boyer, P.A., Scottsdale
By Terence N. Cushing, Rita J. Bustos
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

**¶1** Kenneth Jackson appeals an award of the Industrial Commission of Arizona ("ICA") denying him cervical epidural injections because he failed to prove that such treatment would address a work-related injury. We affirm the ICA denial.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2** In August 2018, at 61 years of age and while working for SSP America, Jackson slipped and injured his right shoulder. North River Insurance Co. ("North River") accepted Jackson's shoulder injury as a work-related injury, eventually resulting in right shoulder surgery for a partially torn rotator cuff in early 2019. In March 2019, Jackson began treatment with Dr. Jeffrey Scott, a physiatrist. Scott recommended cervical injections for treatment of right arm pain and other symptoms that he determined were coming from a pinched nerve in Jackson's neck. North River denied coverage for the requested treatment, and Jackson requested a hearing under A.R.S. § 23-1061(J).

**¶3** At the hearing, Scott testified in support of the requested treatment. He testified that Jackson's work injury aggravated an already narrow opening in the foramen from the spinal cord where nerves pass through to the right arm. He further opined that the fall at work made Jackson's "fragile" foramen symptomatic and that epidural injections could relieve his symptoms.

**¶4** Dr. Zoran Maric, an orthopedic surgeon, performed an Independent Medical Examination ("IME") in October 2019. He reviewed medical records and physically examined Jackson. He testified that no

2

objective orthopedic or neurological finding warranted epidural injections. He found no link between Jackson's ongoing neck-related complaints and the work injury. He testified that, at most, Jackson suffered a neck sprain or strain that healed long ago. Maric also criticized Scott's record of Jackson's examination for being "grossly incomplete."

¶5         The administrative law judge found Maric's medical opinion carried more weight than Scott's and issued an award denying the requested injections. Jackson brings this special action to appeal that award.

## DISCUSSION

¶6         As someone with an open worker's compensation claim, Jackson is entitled to "reasonably required" medical treatment. *See* A.R.S. § 23-1062(A). He may challenge a denial of requested treatment and receive a hearing under A.R.S. § 23-1061(J). At that hearing, he bears the burden of showing that the requested treatment is related to the industrial injury. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 608, ¶ 23 (App. 2000). On review, we defer to the administrative law judge's factual findings but independently review legal conclusions. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We will affirm an award "if it is reasonably supported by the evidence after reviewing the evidence in a light most favorable to sustaining the award." *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). The administrative law judge has the primary responsibility to resolve conflicts in medical opinion evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988); *see also Kaibab Indus.*, 196 Ariz. at 609, ¶ 25. We defer to the administrative law judge's resolution of conflicting evidence and affirm findings if they are supported by any reasonable theory of the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975). An award based on conflicting medical testimony will not be disturbed. *Smiles v. Indus. Comm'n*, 2 Ariz. App. 167, 168 (App. 1965).

¶7         Here, the testimony contained conflicting opinions about the cause of Jackson's complaints related to his neck. The administrative law judge resolved those conflicts in favor of Maric's view, and there is evidence in the record to support that opinion. We will not disturb the administrative law judge's resolution of the conflict.

¶8         Jackson's opening brief mainly argues that the evidence shows he reported pain in his neck from the beginning of his injury. That fact, however, is not contested. Our review of the record reveals that neither Scott nor Maric questioned whether Jackson reported pain in his right shoulder, neck, and arm during his initial treatment. They instead disputed

whether Jackson's neck-related symptoms were causally related to the work injury. Maric testified that they were not, gave reasons for his opinion, and the administrative law judge agreed.

## CONCLUSION

**¶9**　　　　We affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:　AA