NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MICHAEL CALOVICH, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

WAL MART, *Respondent Employer*,

WAL MART ASSOCIATES INC, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0050
FILED 7-6-2023

---

Special Action - Industrial Commission
No. 20213350527
Carrier Claim No. 9910353
The Honorable Jeanne Steiner, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Michael Calovich, Murfreesboro, TN
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent Industrial Commission of Arizona*

Ritsema Law, Phoenix
By Danielle S. Vukonich
*Counsel for Respondent Employer and Respondent Insurance Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1 Michael Calovich appeals from an Industrial Commission of Arizona ("ICA") award and decision upon review finding his claim non-compensable. Because Calovich has shown no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 In November 2021, Calovich filed a claim for workers' compensation, alleging he was injured while moving a large pallet at work. The insurance carrier denied his claim. Calovich then requested a hearing before an Administrative Law Judge ("ALJ"). Over three days, the ALJ heard testimony from (1) Calovich, (2) Roger Gilbert, P.A., a physician's assistant who treated Calovich, and (3) Dr. Ernie Riffer, who performed an independent medical examination.

¶3 Calovich testified that in November 2021, he worked at Walmart as an overnight grocery stocker. One night at around 3:30 a.m., he used a manual pallet-jack to move a pallet of frozen food weighing about 2,000 pounds. Calovich did not feel any pain while moving the pallet, but when he laid down at home the next afternoon, he felt a sharp pain in his chest. Calovich believed that moving the pallet caused his injury because he had done no other heavy lifting before the onset of his chest pain. He explained that he often does not immediately feel pain when he is injured.

¶4 P.A. Gilbert testified that he first treated Calovich in 2019 for open-heart surgery. As part of that surgery, doctors opened Calovich's sternum to reach his heart, then closed his sternum with sternotomy wires. P.A. Gilbert testified that based on his examination of Calovich and his review of his CT scans, Calovich had a fractured sternotomy wire, causing his chest pain. P.A. Gilbert concluded that when Calovich moved the pallet, he fractured the wire or aggravated an existing fracture. When cross-

examined, he acknowledged that if someone fractured a wire moving a heavy pallet, they would generally feel pain as soon as the injury occurred, not hours later.

**¶5** Dr. Riffer testified that his review of Calovich's CT scans did not reveal evidence of a wire fracture, but his physical examination revealed sternal cracking and pain. He concluded that if Calovich fractured a wire, it did not occur while Calovich was moving the pallet because he would have felt pain immediately, not twelve hours later. Dr. Riffer offered other possible explanations for Calovich's chest pain: residual pain from surgery, costochondritis (inflammation where the ribs meet the sternum), and chronic respiratory illness.

**¶6** The ALJ credited Dr. Riffer's testimony and concluded that because there was no causal relationship between Calovich's work activity and his chest pain, Calovich had failed to establish eligibility for workers' compensation. Calovich requested review of the decision, and the ALJ affirmed the decision upon review. Calovich then timely filed this special action. We have jurisdiction under Arizona Revised Statutes sections 12-120.21(A)(2) and 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶7** We defer to the ALJ's factual findings, but we review *de novo* any questions of law. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). We will not disturb the ALJ's resolution of conflicting medical evidence and will affirm the decision if it is supported by reasonable evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

**¶8** To establish eligibility for workers' compensation, an employee must show that he was injured in an accident that occurred in the course of his employment, the injury was "caused in whole, or in part . . . by a necessary risk or danger of [his] employment," and "that the accident caused the injury." *Grammatico v. Indus. Comm'n*, 211 Ariz. 67, 71, ¶ 19 (2005).

**¶9** Calovich argues the ALJ erred in crediting Dr. Riffer's opinion to find that he had not established a causal connection between his injury and work activity.[1] In essence, Calovich asks that we reweigh conflicting

---

[1] Calovich also submitted numerous documents not included in the record with his opening brief. We do not consider these documents, as our

testimony, which we cannot do. *See Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988) ("[C]onflicts in medical evidence must be resolved by the trier of fact."). The ALJ heard conflicting testimony on the cause of Calovich's injury and resolved this conflict by crediting Dr. Riffer's opinion that moving the pallet could not have caused Calovich's injury. This conclusion is supported by reasonable evidence. We find no error.

## CONCLUSION

¶10        We affirm the award and decision upon review.



AMY M. WOOD • Clerk of the Court
FILED:        AA

---

review is confined to "only those matters in the record." *Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993).