NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MAKI GURASHI, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

INTERMTN EMPLOYMENT SVC INC, INTERMTN STAFFING ASCEND STAFFING, *Respondent Employer,*

ZURICH AMERICAN INSURANCE CO, *Respondent Carrier.*

No. 1 CA-IC 24-0013
FILED 12-10-2024

Special Action – Industrial Commission
ICA Claim No. 2021800070
Carrier Claim No. 2080390746
The Honorable Trudy Rushforth, Administrative Law Judge

**AFFIRMED**

COUNSEL

Maki Gurashi, Avondale
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ritsema Law, Phoenix
By Brian Duckworth
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1** This special action reviews the Industrial Commission of Arizona's decision that Maki Gurashi's industrial injury is stationary with a 5% permanent impairment. Because Gurashi shows no reversible error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Gurashi worked as a forklift driver at Intermountain Staffing Resources in September 2021 when a forklift fell on him and broke his leg. Gurashi underwent surgery and in-patient rehabilitation. He then received out-patient follow-up care from Dr. Stanley Graves, a board-certified orthopedic surgeon.

**¶3** About a year after the injury, Dr. Graves concluded Gurashi's lower right leg suffered a 54% impairment and would improve no more. Gurashi needed a walking cane because he felt pain and numbness.

**¶4** Gurashi filed a workers' compensation claim, which the carrier accepted. At the carrier's request, Gurashi received an independent medical evaluation from Dr. Anthony Theiler, a board-certified orthopedic surgeon. Dr. Theiler personally examined Gurashi and reviewed his medical records. He concluded that Gurashi's condition was stationary with a 5% impairment.

**¶5** The carrier closed Gurashi's claim based on Dr. Theiler's report, awarding benefits for a 5% permanent impairment. Gurashi requested a hearing. The ALJ adopted a 5% impairment rating after reviewing Gurashi's medical records and hearing testimony from Dr. Graves, Dr. Theiler and Gurashi. Gurashi requested review and the ALJ summarily affirmed.

**¶6**        Gurashi timely petitioned for special action review.  We have jurisdiction.  A.R.S. §§ 12-120.21(A)(2), 23-951(A); Ariz. R.P. Spec. Act. 10.

## DISCUSSION

**¶7**        An ALJ's award will not be set aside unless it "cannot be supported by any reasonable theory of the evidence."  *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006).   When presented with conflicting medical expert testimony, an ALJ must determine which testimony is more probably correct.  *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975).  This court will not reweigh conflicting medical evidence absent an abuse of discretion.  *See Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 10 (App. 2000).

**¶8**        Gurashi insists the ALJ should have adopted Dr. Graves' impairment rating rather than Dr. Theiler's impairment rating, but the record includes ample evidence to support the ALJ's decision.  Dr. Theiler personally examined Gurashi and reviewed his medical records before concluding that Gurashi's knee and ankle had "full strength, full range of motion, and no instability."  Finding no error, we affirm.

## CONCLUSION

**¶9**        Affirmed.



3