· 539 P.2d 199

John D. BROOKS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

B–Z Bee Transportation and Warehouse, Respondent Employer,

Fidelity & Casualty Company of New York, c/o Underwriters Adjusting Company, Respondent Carrier.

No. I CA–IC 1089.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 21, 1975.

Jerome & Gibson, P. C. by D. A. Jerome, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Donald L. Cross, Phoenix, for respondent employer and respondent carrier.

## OPINION

NELSON, Presiding Judge.

This cause presents essentially two questions to this Court for review: 1. Is the award of The Industrial Commission of Arizona for a non-compensable claim supported by the evidence? 2. Was the procedure followed by the hearing officer in arriving at his decision permissible under the statutes and rules governing the procedure before the Commission and its hearing officers?

John D. Brooks (Brooks), petitioner here, was employed by B–Z Bee Transportation and Warehouse (B–Z Bee), respondent employer, as a part time furniture and equipment mover in Yuma, Arizona. On January 18, 1972, he alleged he suffered an injury when a safe he was helping load onto a truck slipped and struck him in the abdomen. He finished work that day. There was no work for him the next day, a Wednesday. He reported on Thursday, started to go to work, then indicated to the manager, Lee Hudson (Hudson) that he was ill and would rather go home, if it wouldn't affect his job. Hudson indicated he could go home, thinking he had the flu. Brooks' wife called on Friday and said Brooks was still sick. On Sunday, January 23, Brooks was hospitalized with what was later diagnosed as traumatic pancreatitis and a diaphragmatic hernia. His family physician, William A. Phillips, M. D., testified the diagnosis of "traumatic", rather than "acute", pancreatitis was made as a result of the history of the alleged accident given to him by Brooks. The employer was notified on Monday, January 24, 1972, that Brooks was in the hospital and was claiming an industrial injury.

Brooks' foreman, Robert Whatley, and his co-worker, Charles Simms, testified that there was no accident with the safe, that nothing unusual happened that day, and that Brooks did not receive any injury on the day in question nor originate any complaints of injury. Brooks testified Whatley saw the safe hit him and commented upon it at the time. Brooks' wife and sister-in-law testified that both Whatley and Hudson later acknowledged there had been an accident involving the safe. Whatley and Hudson absolutely denied making the statements attributed to them.

It is axiomatic that in reviewing awards of the Industrial Commission of Arizona this Court will view the evidence in a light most favorable to sustaining the award, *Micucci v. Industrial Commission of Arizona,* 108 Ariz. 194, 494 P.2d 1324 (1972), and the Commission findings will

not be disturbed when the evidence is in conflict. *Malinski v. Industrial Commission of Arizona*, 103 Ariz. 213, 439 P.2d 485 (1968). There was a sharp conflict in the evidence as to whether there was an accident and consequent injury on the job. This issue was resolved against Brooks and the evidence clearly supports that finding.

■ Brooks also attacks the procedure used by the hearing officer in arriving at his ultimate award. The initial hearing was held in Yuma on October 11, 1972. At that hearing, presided over by hearing officer C. E. Singer, Jr., Brooks, his wife, Dr. Phillips, Charles Simms and Lee Hudson testified. Although he had been properly subpoenaed, Whatley was out of town and unavailable at this time. A continued hearing was held in Yuma on December 5, 1972, presided over by hearing officer Donald L. Ghareeb for hearing officer Singer. Whatley testified, as well as Brooks' sister-in-law, Murle Archie. Counsel for Brooks also sought to recall Mrs. Brooks to further rebut Whatley's damaging testimony. Ghareeb denied the request and counsel made an offer of proof.

After a review of the testimony taken in the first two hearings, Singer ordered a third hearing in Yuma on April 3, 1973, wherein Mrs. Brooks was recalled for additional testimony, as was Lee Hudson. On April 30, 1973, Singer entered an award for a compensable claim wherein he made this finding after reviewing the fact that the evidence was in conflict:

"8. In workmen's compensation proceedings, our Courts have held that the compensation act requires a liberal interpretation and any reasonable doubt is to be resolved in favor of the injured employee; that where there exists a conflict of the testimony it becomes the duty of the Commission to resolve such conflict. That this Hearing Officer frankly admits that the testimony and demenor [sic] of the witnesses are such that it is difficult, if not impossible, to assertain

[sic] which witnesses were not being truthful in their testimony; accordingly this matter is resolved in favor of the applicant."

The respondent carrier thereafter filed a motion for reconsideration, alleging that Brooks had, as a matter of law based upon finding #8, *supra*, failed to carry his burden of proof by a preponderance of the evidence and that the award should be rescinded and Singer should either enter an award for a non-compensable claim or order a further hearing where he could personally observe Whatley testify and make a better judgment on credibility. On May 21, 1973, Singer entered a decision rescinding the award for a compensable claim and ordered a further hearing to personally take the testimony of Whatley. This fourth and final hearing was held by Singer in Yuma on September 11, 1973. On September 28, 1973, Singer entered an award for a non-compensable claim, finding Brooks had failed to carry his burden of proof. That decision was affirmed by Singer on review on November 7, 1973 and is here on certiorari. The hearing officer had authority for all of the procedures here involved and there was no abuse of discretion. We affirm the award.

■ We take judicial notice of the fact, by virtue of our own records, that it is not an uncommon practice for a hearing officer other than the one assigned to preside over a given case to take a portion of the evidence, either for convenience of counsel or to save travel time and costs for the assigned presiding hearing officer. This is usually done on stipulation of counsel. Since we have not been cited to any objections by either party to the taking of Whatley's testimony in the first instance by hearing officer Ghareeb, nor have we discovered any in the record, the propriety of such a procedure is not before us. We would observe, however, in view of what such a procedure required subsequently in this case, that where the credibility of witnesses is an issue, it is almost impossible to make that judgment from a written record.

Cf. *Broadus v. Industrial Commission of Arizona,* 18 Ariz.App. 429, 503 P.2d 387 (1972).

■ It is axiomatic that a court or a quasi-judicial body should always have the first opportunity to correct its own mistakes. The logic of such a proposition is clear. The sooner a mistake is perceived, the more likely it is that it can be corrected and subsequent appeals and relitigation be then avoided or minimized. Thus we have motions in the superior court for new trials, Rule 59, Rules of Civil Procedure, 16 A.R.S., and motions for rehearing in the appellate courts, Rule 9, Rules of the Supreme Court, 17A A.R.S. Under the rules then governing the practice before The Industrial Commission of Arizona (Rules of Procedure for Workmen's Compensation Hearings before The Industrial Commission of Arizona, March 1, 1973), Singer clearly had the authority to do what he did. Rule 59 and Rule 60 provided for a Motion to Reconsider and the authority

to alter, amend or rescind the award within 30 days of its entry.[1]

What happened in this case is illustrative of the need for and efficacy of such a proposition of law. There can be very little question that hearing officer Singer made a mistake in his initial decision. As long as hearing officers and judges are human, mistakes will occasionally inevitably occur. If he had not had the authority to correct his own error, a successful appeal would have most certainly followed and the whole process would have had to be repeated.

■ Both his finding under #8, *supra,* and an introductory remark made prior to the final hearing in Yuma[2], make it clear that the evidence on both sides of the conflicting factual question was equally balanced in his mind. When this is the case with any trier of fact, the party with the burden of proof has failed. The leading Arizona case on this evidentiary problem is also a workmen's compensation case, *Ison*

---

1. Rule 59. Motion for Reconsideration.

   (a) Within ten (10) days after service of a hearing officer award any interested party may file a Motion for Reconsideration which shall be accompanied by a Memorandum of Points and Authorities and/or Objections to the Hearing Officer Award. Any other interested party shall have five (5) days in which to respond.

   (b) Within ten (10) days after filing of the Motion for Reconsideration, the hearing officer may amend, rescind or alter the award. If the presiding officer does not amend, rescend [*sic*] or alter the award within ten (10) days after the filing of the Motion for Reconsideration, the Motion for Reconsideration shall be deemed denied.

   (c) If any interested party wishes to request review by the Commission of a hearing officer award, such request for review must be filed with the Commission within thirty (30) days from the date of entry of the hearing officer award even though a Motion for Reconsideration has been filed as provided herein.

   Rule 60. Hearing Officer's Authority to Amend, Rescind or Correct Award.

   (a) Within thirty (30) days after entry of an award, whether or not any Motion for Reconsideration has been filed as provided in Rule 59, and whether or not the Motion for Reconsideration has been denied, a hearing officer shall have the authority to amend, rescind or alter the award.

   (b) If the hearing officer amends, rescinds or alters the award pursuant to the provisions of this rule and Rule 59, the new award shall supersede the prior award and the interested parties shall have thirty (30) days in which to request review by the Commission.

2. ". . . But I do want to say before we get started, I have been a Referee and Hearing Officer for a little over 14 years, and I think that, even if I do say so myself, I have developed a better-than-average ability to judge the credibility of witnesses' testimony, no matter how contradictory it might be. I will have to say this is the first case that I can recall that I have come up against a blank wall. I really have not been able to determine who, if anyone, has been telling the truth, but someone has either got his facts confused or is not telling the truth.

   \* \* \* \* \*

   "Mr. Cross raised a good point in his motion for reconsideration, which motion resulted in my setting aside my previous Award and directing further hearing in this matter, and that is that if the Hearing Officer is unable to determine the credibility, the Applicant has not carried his burden of proof, and this will be one point that I will have to consider at the conclusion of this matter."

*v. Western Vegetable Distributors,* 48 Ariz. 104, 59 P.2d 649 (1936). Chief Justice Alfred C. Lockwood's observations are clear and as applicable today as they were then:

"Preponderance of the evidence means such evidence as when weighed with that opposed to it has more convincing force, and from which it results that a greater probability is in favor of the party upon whom the burden rests. It does not necessarily depend upon the number of witnesses; it merely means that the testimony which points to one conclusion appears to the trier of facts to be more credible than the testimony which points to the opposite one. *The capacity of the submitted testimony to enforce belief on the arbiter to whom it is submitted is the touchstone of preponderance as applied to the testimony of witnesses."* Ison v. Western Vegetable Distributors, supra,* 48 Ariz. at 111, 59 P.2d at 653, emphasis by Chief Justice Lockwood.

The cases cited to us regarding the liberal construction of our workmen's compensation statute do not address the issue of burden of proof. This burden has always been on the applicant to prove his claim for compensation by a preponderance of the evidence. A.R.S. § 23–941, *notes of decisions,* Note 53, and the unbroken line of decisions found thereunder.

Having realized his error, Singer rescinded the earlier award as provided by the rules and proceeded to order a further hearing. After hearing Whatley's testimony in person, Singer found Brooks had not carried his burden of proof. The evidence supports this conclusion and we can look no further. *Micucci, supra.*

The award is affirmed.

STEVENS and WREN, JJ., concur.