NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MARTHA N. BONELLI,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF
ARIZONA,
*Respondent*,

CRUISERS ROUTE 66 CAFE,
*Respondent Employer*,

TRAVELERS INDEMNITY COMPANY OF
CT/TRAVELERS,
*Respondent Carrier*.

No. 1 CA-IC 15-0072
FILED 10-4-2016

Special Action - Industrial Commission
ICA No. 20133-650277
INSCA No. 127-CB-F9W9545-N
The Honorable Layna Taylor, Administrative Law Judge

**AFFIRMED**

COUNSEL

Martha N. Bonelli, Williams
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Lester, Norton & Brozina, PC, Phoenix
By Steven C. Lester, Christopher S. Norton, Rachel P. Brozina
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Samuel A. Thumma joined.

---

J O H N S E N, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona ("ICA") award concerning a non-compensable injury. Martha Bonelli argues the administrative law judge ("ALJ") erred by finding that her injury did not arise out of and in the course of her employment. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Bonelli worked as a hostess and ice cream server at Cruisers Route 66 Café.[1] Bonelli alleges that, while working in the restaurant's kitchen, she received electrical shocks that caused numbness and tingling in her left hand and arm. Bonelli filed a claim, which the insurance carrier denied. Bonelli protested the denial and requested a hearing, at which the ALJ heard testimony from Bonelli, the manager of the restaurant and a repairman who had inspected electrical equipment at the restaurant. The parties also presented medical evidence, including records of office visits, an independent medical examination ("IME"), and a neurodiagnostic test report. In the Decision Upon Hearing, the ALJ found that Bonelli failed to show that her injury was caused by electrical shocks received at the

---

[1] Upon review, we view the evidence in the light most favorable to sustaining the ICA award. *See Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

workplace.  Bonelli requested review and the ALJ affirmed the decision.
This timely special action followed.

**¶3**		This court has jurisdiction pursuant to Arizona Revised
Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016) and 23-951 (2016) and
Rule 10 of the Arizona Rules of Procedure for Special Actions.[2]

## DISCUSSION

### A.	Sufficiency of the Evidence.

**¶4**		"We deferentially review the ALJ's factual findings, although
we independently review the ALJ's legal conclusions."  *Gamez v. Indus.
Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006).  To be compensable, an injury
must arise out of and in the course of employment.  A.R.S. § 23-1021 (2016).
"Arise out of" refers to "the origin or cause of the injury," while "in the
course of" refers to "the time, place, and circumstances of the accident in
relation to the employment."  *Royall v. Indus. Comm'n*, 106 Ariz. 346, 349
(1970).  The claimant has the burden to prove the elements of the claim by
a preponderance of the evidence.  *Brooks v. Indus. Comm'n*, 24 Ariz. App.
395, 399 (1975).  If the causal connection between the injury and industrial
incident is not apparent, it must be proved by expert medical testimony.
*Raymer v. Indus. Comm'n*, 18 Ariz. App. 184, 186 (1972).

**¶5**		The ALJ found that no medical evidence supported Bonelli's
contention that electrical shocks suffered at work caused her injury.  The
record supports the ALJ's finding.  Bonelli submitted a neurodiagnostic test
report, which stated that Bonelli "has a history of being electrocuted at work
1 year ago" and that she has "reduced grip on the left, reduced sensation to
temperature on the left hand, normal reflexes."  Although the report
recounted Bonelli's statement that she was "electrocuted" at work, it
contained no medical opinion or observation regarding whether any
injuries to her left hand and arm were caused by a workplace accident.
Moreover, the physician who conducted the IME concluded Bonelli did not
suffer an industrial injury: "Following a review of the provided medical
records, especially the documentation of serial clinical examinations, as
well as her evaluation carried out today, I do not identify any neurological
injury related to [Bonelli's] employment that would explain her current
symptomatology."  The physician reaffirmed his opinion after reviewing
the neurodiagnostic report, concluding the report was consistent with his

---

[2]		Absent material revision after the relevant date, we cite a statute's
current version.

prior opinion that there were no objective findings to support Bonelli's claim.

**¶6**          The ALJ is bound to accept medical testimony if no conflict exists in the medical evidence in the record. *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343, ¶ 9 (App. 2012). No conflict exists in this case because Bonelli did not provide any medical evidence that she suffered a workplace injury. As the ALJ found: "No physician states an opinion, to a reasonable degree of medical probability, that the applicant's left upper extremity complaints are caused by electrical shocks occurring at work on the defendant employer's premises." Accordingly, the ALJ did not err in finding that Bonelli failed to prove that she suffered a workplace injury.

**¶7**          Bonelli argues the neurodiagnostic test report was evidence that supported her contention that she suffered a workplace injury. As noted, to the extent that report documented an injury, it did not contain any medical opinion linking that injury to the workplace. In any event, the ALJ has discretion to resolve any conflicts in the evidence. *See Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975). As long as the ALJ's findings are not unreasonable, this court will not disturb them. *Hackworth*, 229 Ariz. at 343, ¶ 9. Because the ALJ could have relied on the IME report to reach her conclusion that Bonelli's injury was non-compensable, we cannot say the ALJ's decision was unreasonable.

## B.    Other Issues.

**¶8**          Bonelli raises other issues in her opening brief unrelated to the ALJ's findings. She contends that the restaurant was in poor condition and that the manager made inappropriate sexual remarks to her and threatened to fire her. The ALJ properly exercised her jurisdiction in declining to consider any issue outside the scope of the compensability of the injury. *See* A.R.S. § 23-921 (2016) ("The industrial commission of Arizona is charged with . . . the adjudication of claims for compensation arising out of [the Workers' Compensation Act.]"). As the ALJ correctly explained to Bonelli, "I know you have lots of issues with this employer, but the only thing that I have jurisdiction over and the only thing I'm going to address is whether you sustained a compensable industrial injury[.]"

**¶9**          To the extent Bonelli means to ask this court to review the additional issues she raises, we will not do so because they are outside the scope of our review. *See* A.R.S. § 23-951(B) (The court of appeals review "shall be limited to determining whether or not the commission acted

without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award, order or decision.").

## CONCLUSION

¶10     For the foregoing reasons, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:   AA