NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ARTHUR J. GONZALES,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF
ARIZONA,
*Respondent*,

FREEPORT McMoRAN CORP,
*Respondent Employer*,

FREEPORT McMoRAN COPPER & GOLD,
*Respondent Carrier*.

No. 1 CA-IC 16-0050
FILED 4-11-2017

Special Action - Industrial Commission
ICA No.  20150-640020
INSCA No. 007548-031640-WC-01
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Arthur J. Gonzales, Mesa
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Terrence Kurth
*Counsel for Respondent Employer/Carrier*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

J O H N S E N, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award.  Arthur J. Gonzales argues the administrative law judge ("ALJ") erred by finding Gonzales did not suffer a compensable injury.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In February 2015, Gonzales worked the graveyard shift as a haulage truck driver at a Morenci copper mine.[1]  During each 12-hour shift, Gonzales drove a truck back and forth from the mine pit to a processing site, first waiting at the mine pit while a shovel operator dumped ore into his truck, then transporting and dumping each load of ore for processing.

¶3        On February 24, 2015, around 6:45 a.m., the left side of Gonzales's truck collided with a power shovel.  Although Gonzales felt pain in his low back and right leg as a result of the collision, he did not report the injury because his shift ended at 7:00 a.m.  Instead, he went home, took aspirin and went to sleep.

¶4        Gonzales returned to work for his next shift later that same day able to perform his duties.  But according to Gonzales, at approximately 8:30 p.m., his truck collided with a second operator's power shovel, violently throwing him about within the cab and sending a sharp pain

---

[1]        We consider the evidence in the light most favorable to upholding the award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

down his legs. Gonzales called from his truck for a supervisor. Eventually, a rescue team was deployed to remove Gonzales from the truck. According to Gonzales, as he was being removed from the truck, a member of the rescue team lifted him in the air by his belt and slammed him onto the backboard, causing pain in Gonzales's left side.

¶5 Once removed from the truck, Gonzales was taken to urgent care at Gila River Health Resources, where he was seen by a physician and then transported to Mount Graham Regional Medical Center, where he underwent a CT scan of his spine. The results of that scan indicated that Gonzales suffered no acute vertebral injury.

¶6 Gonzales complained that as a result of the three incidents on February 24, 2015, he suffered from neck pain, back pain, leg pain, numbness in his back and legs, pins and needles in the soles of his feet, loss of strength in his hands, stuttering, and loss of bowel and bladder control. On March 2, 2015, Amanda Gray, a physician's assistant, performed a physical evaluation of Gonzales. And on June 24, 2015, Dr. William Salyer examined him. Despite Gonzales's complaints, both Gray and Salyer agreed there was no objective evidence that he suffered any acute injury on February 24, 2015.

¶7 Gonzales filed a claim, which the insurance carrier denied. Gonzales protested the denial and requested a hearing. In a Decision Upon Hearing, the ALJ found Gonzales did not sustain a work-related injury on February 24, 2015. Gonzales requested review and the ALJ affirmed the decision. This timely special action followed.

¶8 This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2017), 23-951 (2017) and Arizona Rule of Procedure for Special Actions 10.[2]

## DISCUSSION

¶9 In reviewing the ICA's awards and findings, we defer to the ALJ's factual findings and review questions of law *de novo. Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). The ALJ has discretion to resolve any conflicts in the evidence, *see Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975), and is the sole judge of witness credibility, *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191, ¶ 9 (App. 2013). As long as the ALJ's

---

[2] Absent material revision after the relevant date, we cite a statute's current version.

findings are not unreasonable, this court will not disturb them. *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343, ¶ 9 (App. 2012).

**¶10** To be compensable, an injury must arise out of and in the course of employment. A.R.S. § 23-1021 (2017). "Arise out of" refers to "the origin or cause of the injury," while "in the course of" refers to "the time, place, and circumstance of the accident in relation to the employment." *Royall v. Indus. Comm'n*, 106 Ariz. 346, 349 (1970). The claimant has the burden to prove the elements of the claim by a preponderance of the evidence. *Brooks v. Indus. Comm'n*, 24 Ariz. App. 395, 399 (1975). If the causal connection between an alleged injury and an industrial accident is not apparent, it must be proved by expert medical testimony. *Raymer v. Indus. Comm'n*, 18 Ariz. App. 184, 186 (1972).

**¶11** The ALJ found that Gonzales was not credible when he testified about an alleged collision between his truck and a power shovel on the night of February 24, 2015. The shovel operator, whom the ALJ found to be credible, testified that his shovel was not low enough at the time to cause a collision with Gonzales's truck. Furthermore, the operator testified that if a collision had occurred, he would have felt a "jolt" in the cab of his vehicle, and he could not recall any such jolt occurring at the time of the alleged collision. Accordingly, the ALJ found that no collision occurred between Gonzales's truck and the second operator's power shovel.

**¶12** Additionally, the ALJ found Gonzales was not credible when he testified about the rescue efforts on the night of February 24, 2015, and found that another employee who participated in the rescue gave a credible account. *See Henderson-Jones*, 233 Ariz. at 191, ¶ 9. That other employee testified that no member of the rescue team lifted Gonzales by his belt and slammed him onto the backboard, as Gonzales had claimed. The ALJ agreed. Because the ALJ has discretion to resolve any conflicts in the evidence, *see Perry*, 112 Ariz. at 398, and is the sole judge of witness credibility, *Henderson-Jones*, 233 Ariz. at 191, ¶ 9, we cannot conclude the ALJ erred in finding Gonzales did not collide with a power shovel on the night of February 24, 2015, and was not slammed onto the backboard during the rescue.

**¶13** Although the ALJ found that a collision had occurred between Gonzales's truck and a power shovel on the morning of February 24, 2015, the ALJ found no evidence that Gonzales was injured in that collision. The medical evidence before the ALJ consisted of the medical records each party submitted and testimony from Gray and Salyer. Both Gray and Salyer testified that no objective evidence existed to suggest

Gonzales suffered any acute injury on February 24, 2015. *See Hackworth*, 229 Ariz. at 343, ¶ 9 ("If no conflict exists in the medical testimony, the ALJ is bound to accept it.")

**¶14** On appeal, Gonzales appears to argue that the ALJ failed to consider the effect any collision had on a preexisting physical condition. Gray testified that Gonzales had a history of spinal stenosis, and stated her belief that the alleged events on February 24, 2015, aggravated that spinal stenosis, causing Gonzales pain. But the ALJ ruled based on Salyer's testimony that Gonzales "did not sustain any injury to his neck or back or nervous system whether he had [a preexisting condition] or not," and concluded Gonzales did not suffer a work-related injury on February 24, 2015. Given Salyer's testimony, we cannot say the ALJ erred by concluding that Gonzales did not sustain a compensable injury.

**¶15** To the extent Gonzales makes other arguments, he does not present them clearly or provide legal authority in support thereof. Therefore, this court will not consider them. *See* ARCAP 13(a).

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED: AA