NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

LAY TRECE WILLIAMS, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CIRCLE K, *Respondent Employer*,

TRAVELERS INDEMNITY COMPANY, *Respondent Carrier*.

No. 1 CA-IC 20-0001
FILED 9-30-2020

---

Special Action - Industrial Commission
ICA Claim No. 20181-660282
Carrier Claim No. 127-CB-FAK 0192-E
The Honorable Michelle Bodi, Administrative Law Judge

**AFFIRMED**

COUNSEL

Lay Trece Williams, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By Javier Arturo Puig
*Counsel for Respondent Employer and Carrier*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1        Lay Trece Williams appeals the award and decision upon review of the Industrial Commission of Arizona ("ICA") that found her ankle injury to be non-compensable. We affirm.

**FACTS**

¶2        In November 2017, Williams was injured at work when heavy crates filled with two-liter soda bottles fell into the side of her ankle. Although she experienced immediate pain and her ankle swelled later, she finished her shift, rested her ankle the next day during her already-scheduled day off, and returned to work the day after. After that, Williams never missed time from work and she sometimes worked double shifts for the next several months. Still, she and others testified that over the following months, her ankle continued to bother her and caused her to limp. She wanted to see a doctor but did not because of her work schedule.

¶3        For reasons unrelated to her ankle, June 6, 2018, was Williams's last day of work for Circle K. Five days later, she filed a workers' compensation claim for her ankle. On June 13, 2018, she saw a nurse practitioner. Soon after, she began receiving treatment for her ankle, and she was eventually diagnosed in August 2018 with a high sprain, bone contusion, and swelling. She received physical therapy through November

2

2018 when her symptoms faded. Her treatment ended under the care of Melissa Galli, DPM.

¶4          Williams's claim was denied, and she requested a hearing. In February 2019, Dr. William Leonetti, DPM, conducted an independent medical examination of Williams's ankle. At the compensability hearing, neither Dr. Galli nor Dr. Leonetti testified that Williams's condition was caused by her November 2017 work-related incident. Dr. Galli could not render an opinion on that issue but conceded Williams's ankle problems could be a result of her pre-existing flat foot condition. Dr. Leonetti opined that Williams's problems were related to her flat foot condition.

¶5          The administrative law judge issued an award denying Williams's claim as non-compensable, noting that Williams had not shown a causal connection between the incident at work in November 2017 and her ankle condition in June 2018. After the administrative law judge reviewed the award and affirmed it, Williams filed this appeal.

## DISCUSSION

¶6          Williams has the burden to prove the material elements of her claim by a preponderance of evidence. *Brooks v. Indus. Comm'n*, 24 Ariz. App. 395, 399 (1975). "If the result of an industrial accident is not clearly apparent to a layman, then the causal relationship of the accident to the physical or mental condition must be established by expert medical testimony." *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 505 (1987). This court will affirm an award when it is based on any reasonable theory of the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

¶7          Williams did not provide the expert medical testimony necessary to prove her claim. On appeal, she argues her flat foot did not cause her ankle condition. We are not persuaded; she submitted no evidence to support that claim at the hearing.

¶8          For a claim to be compensable, a worker must not only suffer an industrial injury but must also show that the damage caused the worker's current medical condition. *Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977). In *Yates*, a cook punctured her finger with a metal meat fork while working. She put a bandage on her finger and forgot about it. Several months later, she was hospitalized and diagnosed with a bacterial heart condition that typically occurs after exposure to dental instruments or injection needles. She filed a workers' compensation claim alleging that the metal meat fork was the cause of her condition. However, she did not provide a medical expert who linked the work-related injury to her heart

condition. We affirmed an ICA award that denied her claim as a non-compensable injury, noting that although she had shown a work-related incident, she had not proven that it caused her heart condition. That analysis applies here. Although the evidence indicates Williams sustained an ankle injury at work, Williams has not shown that the incident caused the ankle condition for which she received medical treatment more than six months later.

¶9 Finally, Williams argues many other factual and legal issues in her briefs, none of which are relevant to the issue of compensability. After briefs were filed with this Court, Williams sought to supplement the record on appeal with evidence that was not submitted at the hearing below and is not relevant to the issue of compensability. A ruling on her motion was deferred to this panel. We now deny that motion as improper and irrelevant.

**CONCLUSION**

¶10 The evidence supports the administrative law judge's conclusion that Williams failed to show a causal link between the incident at work in November 2017 and her ankle condition in June 2018. Thus, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:    AA