NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ADAM MILLIGAN, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

LUSA HOLDINGS, LLC, dba LANDSCAPE USA, *Respondent Employer,*

ARGONAUT MIDWEST INSURANCE CO., *Respondent Carrier.*

No. 1 CA-IC 24-0033

FILED 03-06-2025

Special Action – Industrial Commission
ICA Claim No. 20212170033
Carrier Claim No. 40-221674
The Honorable Michelle Bodi, Administrative Law Judge

**AFFIRMED**

COUNSEL

Etoile Law, PLLC, Chandler
By Angelica Simpson
*Counsel for Petitioner*

The Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, P.L.L.C, Phoenix
By Stephen C. Baker
*Counsel for Respondent Employer & Carrier*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**T H U M M A**, Judge:

**¶1**　　　　Petitioner Adam Milligan challenges an Industrial Commission of Arizona (ICA) award finding Milligan failed to establish his left knee injury resulted from an industrial accident. Milligan argues: (1) the Administrative Law Judge (ALJ) erred in finding the medical evidence presented supported the finding that his left knee issues were not the result of an industrial injury to his right knee and (2) the evidence shows Milligan met his burden to show his left knee issues are compensable. Because Milligan has shown no reversible error, the award is affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　Milligan was injured on July 20, 2021 when he was thrown from a lawn mower while working as a landscaper for Respondent Employer Lusa Holdings LLC dba Landscape USA. That same day, he sought medical treatment for his right knee and, claiming a right knee injury, sought workers' compensation benefits. Respondent Carrier Argonaut Midwest Insurance Co. accepted his claim for benefits. Milligan received physical therapy and, in 2021 and then again in February 2023, had surgery on his right knee, including to repair a torn ACL and MCL. Ultimately, in December 2023, Milligan was found to have a seven percent permanent disability as a result of the July 2021 industrial accident to his right knee.

**¶3**　　　　Meanwhile, Milligan saw several medical doctors. Dr. Matthew Hansen treated him shortly after the accident and also performed the first surgery on his right knee in December 2021. No records from Dr. Hansen were provided that indicated Milligan claimed left knee pain. Dr.

2

Michael McGrath treated Milligan in the latter part of 2021 through March 2022. That treatment, however, apparently was for Milligan's right knee, with no reference to significant left knee issues.

**¶4**        Beginning in September 2022, Dr. Sumit Dewanjee was Milligan's treating physician. Dr. Dewanjee testified that Milligan did not complain of left knee issues at the start of his treatment and that prior medical records did not show complaints about left knee pain. Dr. Dewanjee then performed a second surgery on Milligan's right knee in February 2023.

**¶5**        In 2022, Dr. David S. Bailie performed independent medical examinations (IME) to determine whether Milligan had reached maximum medical improvement. Dr. Bailie noted radiographs from October 2021 showed signs of ongoing degeneration in the left knee and that Milligan complained of pain in the left knee and left hip, all of which Dr. Bailie attributed to preexisting arthrosis.

**¶6**        In March 2023, Milligan reported constant pain and discomfort in his left knee, hypothesizing the source of the pain as overuse from compensation for the right knee injury. Later in March 2023, after the denial by the Respondent Carrier, Milligan filed a request for investigation regarding workers' compensation benefits, alleging his issues with his left knee were caused by the July 2021 industrial injury. *See* Ariz. Rev. Stat. (A.R.S.) § 23-1061(J) (2025).[1] After an X-ray and MRI in May 2023, Dr. Dewanjee diagnosed a torn ACL and arthritis in Milligan's left knee.

**¶7**        Dr. Bailie performed another IME in February 2024. Dr. Bailie later testified that, during this IME, Milligan told Dr. Bailie he suffered from the left knee injury since the incident and that he had told that to multiple medical providers. Dr. Bailie reviewed the MRI of the left knee taken in May 2023 by Dr. Dewanjee and concluded the images indicated an intact left knee PCL but a degenerative ACL that was completely absent and not recently torn. Having conducted a physical exam, Dr. Bailie concluded the left knee pain was consistent with arthritis.

**¶8**        At the hearings before the ALJ, Milligan and Doctors Dewanjee and Bailie testified, with the doctors offering conflicting evidence on whether the left knee issues, to a reasonable degree of medical probability, resulted from the industrial injury.

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

¶9             Milligan testified he landed on both knees during the industrial accident; had no symptoms or surgeries to his left knee before the incident; experienced "a little" pain and slight swelling in his left knee which both increased the day after the accident, and continued to get worse as the right knee improved, and continuously told medical personnel about the pain in the left knee.

¶10            Dr. Dewanjee, Milligan's treating physician, testified it was likely the aggravated left knee condition resulted from the incident or from compensating for the condition of the right knee injuries, but admitted "[i]t would be difficult to ascertain" whether the injury predated or was caused by the incident, adding "it is likely that [Milligan] tore his left knee ACL" in the incident.

¶11            Dr. Bailie, Respondent Carrier's expert, testified the left knee injury was an extremely probable natural progression of underlying degenerative arthritis and not related to the industrial accident:

> I do not find any evidence in the records to suggest adequate documentation to correlate [Milligan's] current left knee complaints with the industrial event in question. It is likely he has a chronic ACL deficient knee and clearly has arthritis that has developed over a many year period of time and that likely predates the industrial event. One would expect clear documentation of at least significant complaints and objective findings even if it was never treated if this is associated with the original injury. Those records I have not seen to corroborate that . . . . While [Milligan's] subjective complaints support there is some relationship [between the incident and the left knee injury], those are not substantiated by the medical records.

Dr. Bailie added there was nothing objective to substantiate a relationship between the left knee symptoms and the industrial accident.

¶12            After considering the medical records and conflicting testimony, the ALJ resolved "the conflict in the medical evidence . . . in favor of the opinions of Dr. Bailie as being more probably correct and well-founded." In doing so, the ALJ noted medical records in the months after

the industrial accident documented only right knee pain, Milligan only complained of right knee pain and Milligan denied any specific injury to the left knee in March 2023. The ALJ weighed this evidence and concluded:

> The prior medical records do not document any left knee complaints so there is nothing objective to indicate a relationship between the industrial accident and [Milligan's] left knee condition. Medical literature does not support an overuse syndrome and walking does not constitute "overuse." [It was] opined, to a reasonable degree of medical probability, that [Milligan's] left knee condition was not caused or aggravated by the [incident].

**¶13**      Finding Dr. Bailie's testimony "as being more probably correct and well-founded," the ALJ concluded Milligan failed to prove all material elements of the claim by a preponderance of the evidence and denied his claim. The ALJ affirmed on review after considering Milligan's memorandum of points and authorities.

**¶14**      Milligan timely sought review by this court. This court has jurisdiction over the timely request for review pursuant to A.R.S. §§ 12-120.21(A)(2) and 23-951(A), and Arizona Rule of Procedure for Special Actions 10 (2024).

## DISCUSSION

**¶15**      Milligan appeals the ALJ's denial of his request for investigation regarding workers' compensation benefits under A.R.S. § 23-1061(J). To succeed on this investigation request, Milligan has the burden to show by a preponderance of the evidence that he was entitled to benefits related to the left knee and that his employer failed to provide those benefits. *See id.*; *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216 (1968) (citing cases); *Brooks v. Indus. Comm'n*, 24 Ariz. App. 395, 399 (1975) (citing cases).

**¶16**      This court defers to an ALJ's factual findings and reviews questions of law de novo. *Young v. Indus. Comm'n of Ariz.*, 204 Ariz. 267, 270 ¶ 14 (App. 2003) (citing cases). This court will uphold ICA decisions supported by any rational interpretation of the facts. *See Kaibab Indus. v. Indus. Comm'n of Ariz.*, 196 Ariz. 601, 605 ¶ 10 (App. 2000) (citing cases). This court considers the record in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n of Ariz.*, 202 Ariz. 102, 105 ¶ 16 (App. 2002) (citing cases).

I.  **Milligan Has Shown No Error in the ALJ's Recitation and Application of the Law.**

¶17        Milligan argues the ALJ erred by not considering whether the incident was "a proximate cause" of the left knee injury that "combine[d] with a pre-existing condition to cause a further injurious result." But the ALJ expressly found the industrial accident did not cause injury to Milligan's left knee or aggravate a pre-existing condition.

¶18        An industrial accident "need not be the sole cause" of an injury if, "in a natural and continuous sequence, unbroken by any efficient intervening cause," it produces the injury, and that injury would not have occurred without the industrial accident. *See Murray v. Indus. Comm'n*, 87 Ariz. 190, 199 (1960). While Milligan accurately notes compensable workers' compensation injuries include aggravations of a previous injury, *e.g.*, *id.*; *Div. of Vocational Rehab. v. Indus. Comm'n*, 125 Ariz. 585, 588 (App. 1980) (citation omitted) ("The employer takes the employee as he finds him"), Milligan fails to show how the ALJ did not consider whether the industrial accident proximately caused his left knee issues. Indeed, the ALJ weighed the evidence and found the industrial accident did not aggravate the left knee at all. For this reason, Milligan has shown no error in the ALJ's recitation and application of the law.

II.  **The Record Supports the ALJ's Findings of Fact.**

¶19        Milligan argues the record does not support the ALJ's adoption of Dr. Bailie's opinion over Dr. Dewanjee's, contending Dr. Bailie's testimony was "speculative at best." In a case like this, expert medical testimony must be expressed in terms of "probabilities," as medical testimony which is in terms of "possibilities" only is not sufficient to sustain an award. *See Bell Rd. Mini Storage v. Indus. Comm'n*, 124 Ariz. 493, 495 (1980). Still, Milligan fails to show how the expert medical evidence presented by Dr. Bailie was not expressed in terms of probabilities.

¶20        In addition, Milligan's counsel cross-examined Dr. Bailie during the hearing before the ALJ. Milligan and Dr. Dewanjee also testified, seeking to call into question Dr. Bailie's findings. Accordingly, Milligan had a full and fair opportunity to call into question Dr. Bailie's findings or seek additional clarification with regard to the doctor's findings. The ALJ considered all the evidence provided, including the conflicting testimony, and rejected Milligan's claim.

¶21        The ALJ acts as the factfinder, *see Post v. Indus. Comm'n*, 160 Ariz. 4, 7 (1989) (citing cases), weighing and resolving any conflicting

evidence, *see Stainless Specialty Mfg. Co. v. Indus. Comm'n of Ariz.*, 144 Ariz. 12, 19 (1985) (citing cases). This court does not re-weigh evidence and, when reasonable evidence supports an ALJ's factual finding, it will be affirmed. *Kaibab Indus.*, 197 Ariz. at 608–609, ¶¶ 21, 25 (citing cases); *see also Royal Globe Ins. Co. v. Indus. Comm'n.*, 20 Ariz. App. 432, 434 (1973).

¶22 Here, the testimony of both Dr. Dewanjee and Dr. Bailie was supported by objective medical evidence, including medical records and imaging studies, scientific data and physical examination. The ALJ noted the conflict in the evidence presented in relation to the need for treatment of the left knee as it related to the industrial accident. Considering all of the evidence, the ALJ acted as factfinder to resolve that conflict and found Dr. Bailie's testimony more probably correct. Therefore, recognizing the conflicting testimony by Dr. Bailie and Dr. Dewanjee, Milligan has shown no abuse of discretion in the ALJ's factual findings. The ALJ's adoption of Dr. Bailie's opinion over Dr. Dewanjee's was not error.

## CONCLUSION

¶23 The award is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

7