NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSE SANTOS, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

AZ MINI MIX CONCRETE OF MESA, *Respondent Employer*,

BENCHMARK INSURANCE, *Respondent Carrier*.

No. 1 CA-IC 24-0020
FILED 01-09-2025

Special Action – Industrial Commission
ICA Claim No. 20173000200
Carrier Claim No. 6567442
The Honorable Trudy Rushforth, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Jose Santos, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ritsema Law, Phoenix
By Rachel Parise Brozina
*Counsel for Respondent Insurance Carrier*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

**¶1**　　　　Jose Santos appeals an Industrial Commission of Arizona ("ICA") decision denying his petition to reopen his claim because he did not establish any new, additional, or previously undiscovered condition of his industrial injury. We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　In October 2017, Santos was injured while working as a diesel mechanic/maintenance technician for Az Mini Mix Concrete of Mesa. A large, heavy object hit Santos in the head while he was working on a truck, causing post-concussive syndrome. His workers' compensation claim was accepted and he was treated for chronic migraine management through the end of 2020.

**¶3**　　　　In July 2021, carrier Benchmark Insurance closed the claim without permanent impairment. Santos challenged the closure but his claim was denied. Santos filed a special action and we affirmed the decision. *Santos v. Indus. Comm'n*, 1 CA-IC 22-0037, 2023 WL 3066670 (App. Apr. 25, 2023) (mem. decision).

**¶4**　　　　Meanwhile, in September 2022, Santos petitioned to reopen his claim for benefits. An administrative law judge ("ALJ") denied Santos' petition, concluding he failed to sustain his burden of proving that he has a new, additional, or previously undiscovered condition to warrant reopening his claim. The ALJ noted Santos' chosen medical expert, Dr. Knievel, agreed with defense expert Dr. J. Michael Powers that Santos does not have a new, additional, or previously undiscovered condition.

**¶5**　　　　Santos filed a request for review and the ALJ affirmed the decision denying reopening. Santos filed this special action and we have

jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(B), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶6**        To begin, Santos failed to comply with Rule 13(a) because his brief does not contain citations to the record, a statement of the issues presented for review, or relevant legal authorities supporting his position. *See* Ariz. R. Civ. App. P. 13(a). Santos' noncompliance with Rule 13(a) constitutes a waiver of the issues on appeal. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007) (appellant's failure to support argument waives issue on appeal). But beyond waiver, Santos' position is unavailing. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (in our discretion, we may address the merits of waived arguments).

**¶7**        In reviewing ICA awards, "we defer to the ALJ's factual findings but review questions of law de novo." *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57 ¶ 2 (App. 2008). We view evidence in the light most favorable to upholding an award. *Id.* Further, the ALJ has the primary responsibility to resolve conflicts in medical opinion evidence. *See Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609 ¶ 25 (App. 2000). And we defer to the ALJ's resolution of conflicting evidence and affirm the ALJ's findings if any reasonable theory of the evidence supports them. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

**¶8**        To reopen a closed worker's compensation claim, a claimant must show that the original industrial injury has caused a "new, additional or previously undiscovered" condition. *See* A.R.S. § 23-1061(H). The claimant bears the burden of presenting evidence sufficient to support reopening the claim. *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 465 ¶ 11 (App. 2007).

**¶9**        Santos argues he was in a car accident in February 2021 due to his medical condition caused by the 2017 work injury. Specifically, he asserts the accident was caused by lack of medication after Benchmark Insurance did not approve his treatment. He also complains that he continues to suffer from headaches, "cognitive impairment," depression, and anxiety. He stresses the medical testimony from his expert, Dr. Knievel. But Dr. Knievel acknowledged that all these conditions had been present in Santos since his 2017 injury. Santos was previously determined to be medically stationary with no impairment rating. *Santos*, 1 CA-IC 22-0037 at *2. Thus, these preexisting conditions cannot be "new, additional or previously undiscovered" to support reopening his claim.

¶10 Further, the ALJ resolved any conflicts in the evidence against Santos' position. And after review of the evidence and argument presented, the ALJ found that Santos failed to carry his burden to prove the original industrial injury caused a "new, additional or previously undiscovered" condition. The record supports the ALJ's findings and conclusions. We discern no error.

**CONCLUSION**

¶11 We affirm.

