NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TANYA BOTTORFF-DRAGOMIR, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

AMERICAN EXPRESS CO, *Respondent Employer*,

X L SPECIALTY INSURANCE CO, *Respondent Carrier*.

No. 1 CA-IC 25-0001

FILED 11-24-2025

Special Action - Industrial Commission
ICA Claim No. 20222430166
Carrier Claim No. 4A2209M2CZF-001
The Honorable Jeanne Steiner, Administrative Law Judge

**AFFIRMED**

COUNSEL

Tanya Bottorff-Dragomir, Glendale
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark Barberich La Mont & Puig PC, Phoenix
By R. Todd Lundmark, David T. Lundmark
*Counsel for Respondent Employer and Carrier*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1 Petitioner Tanya Bottorff-Dragomir challenges the denial of her claim for workers' compensation benefits. The Industrial Commission of Arizona found that she did not experience objectively unexpected, unusual or extraordinary stress at work and thus did not prove a compensable mental injury. This Court affirms the award.

### FACTS AND PROCEDURAL HISTORY

¶2 This Court views the facts in the light most favorable to sustaining the Commission's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

¶3 Respondent American Express ("AmEx") employed Bottorff-Dragomir as a Senior Commercial Loss Mitigation Specialist for many years. Bottorff-Dragomir worked mainly from home, and most of her work interactions were through email, texting or video conference.

¶4 In August 2022, Bottorff-Dragomir filed a report of workplace injury. She claimed she suffered a work-related mental injury based on repeated psychological abuse by her supervisor, John Hogue. Bottorff-Dragomir alleged the first instance of Hogue's conduct that caused her anxiety occurred during a phone call in September 2021. She stated that during the call, "Hogue became aggressive, volatile, and demeaning toward her." Bottorff-Dragomir raised these concerns to Manpreet Keyser, a vice president at AmEx, who previously supervised Bottorff-Dragomir and later supervised Hogue. A second incident occurred in January 2022 when Bottorff-Dragomir alleged Hogue became upset due to a denial of a personnel request. Bottorff-Dragomir testified that Hogue then directed her and other senior-level staff to resolve the issue or be subject to performance plans. Bottorff-Dragomir stated that this behavior made her feel sick to her stomach. She also claimed that Hogue discouraged her from applying for a promotion and denied her an interview. After she asked Hogue and Keyser

for an explanation, Bottorff-Dragomir claimed Hogue yelled at her for involving Keyser.

¶5            In February 2022, Bottorff-Dragomir attended a series of performance feedback meetings with her supervisors. During one of these meetings, Hogue noted in Bottorff-Dragomir's end-of-year evaluation that she needed work on her supervisory skills and that she tended to take things too personally. Bottorff-Dragomir became emotional. In another meeting, Hogue and Keyser told Bottorff-Dragomir she lacked the emotional intelligence to understand their decision not to consider her for a promotion. About a week later, Keyser told Bottorff-Dragomir she could no longer work from home. Around this time, Bottorff-Dragomir filed a discrimination complaint with AmEx, which it denied.

¶6            Bottorff-Dragomir sought professional help in March 2022. Her doctor diagnosed her with Generalized Anxiety Disorder, resulting in panic episodes related to work activities. A separate doctor subsequently diagnosed Bottorff-Dragomir with Major Depressive Disorder and PTSD. Bottorff-Dagomir's based her claim for workers compensation on these diagnoses.

¶7            The Commission reviewed Bottorff-Dragomir's claim and denied it. Bottorff-Dragomir requested a hearing. The Commission's administrative law judge ("ALJ") heard the appeal over the course of ten days and allowed subsequent briefing.

¶8            Considering the evidence presented at the hearing and the briefing, the ALJ found that many of the events Bottorff-Dragomir experienced were a direct result of performance feedback and job requirements. The ALJ further explained, citing audio recordings provided by Bottorff-Dragomir, that there was nothing unexpected, unusual or extraordinary about the interactions, and that neither Hogue nor Keyser were abusive, harassing or unprofessional. The ALJ concluded that Bottorff-Dragomir had not established a compensable injury and denied her compensation. Bottorff-Dragomir sought reconsideration, and the Commission affirmed its decision. Bottorff-Dragomir timely appealed, and this Court accepts jurisdiction. A.R.S. § 12-120.21(B) and 23-951(A).

## DISCUSSION

¶9            On appeal, Bottorff-Dragomir contests the denial of two Motions to Compel, the lack of weight given to her evidence and several procedural objections. AmEx and Respondent XL argue that ample

evidence supports the ALJ's decision and Bottorff-Dragomir raises issues that she failed to raise below and therefore waived.

¶10 Appellate review is limited "to a determination of whether or not there is evidence in the record which would justify the finding of the Commission." *Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 214 (1987). "[T]he findings of the administrative law judge and the Commission's award must be affirmed if supported by any reasonable theory of the evidence." *Magma Copper Co. v. Indus. Comm'n*, 139 Ariz. 38, 49 (1983). This Court will uphold evidentiary rulings and enforcement of the workers' compensation rules of procedures "absent a clear showing of abuse of discretion." *Nolden v. Indus. Comm'n*, 127 Ariz. 501, 504 (App. 1980).

## I. Preservation of issues for review.

¶11 Bottorff-Dragomir bore the burden to "develop [the] factual record before the [Commission] and give the ALJ the opportunity to correct any legal error" by raising specific objections. *T.W.M. Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, 44, ¶ 4 (App. 2000). Thus, issues on appeal not raised before the Commission are generally not subject to review. *See id.* However, even if the record contains no objection, this Court may review the foundational issue of whether sufficient evidence supports the award. *Id.*

¶12 On appeal, Bottorf-Dragomir raises several procedural objections for the first time. She argues the ALJ improperly denied protective orders and motions to compel. She also questions the ALJ's impartiality. Because Bottorf-Dragomir did not raise these issues with the Commission, this Court will not review them. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977). But this Court, in its discretion, will address Bottorf-Dragomir's claim of "unequal treatment" by the ALJ due to her exclusion of Hogue's prior convictions while admitting an independent medical exam regarding Bottorf-Dragomir's health. This Court exercises its discretion on this issue because the rulings were directly related to the elements necessary to establish eligibility for benefits.

## II. The Commission's decision is supported by the record.

### A. Sufficiency of the evidence

¶13 Bottorff-Dragomir asserts that the ALJ erred in denying compensation because evidence establishes that the cause of her injury was an unexpected, unusual or extraordinary stress. *See* A.R.S. § 23-1043.01(B).

¶14 To prove a compensable mental injury, a claimant must show that the work-related stress was both: (1) a "substantial contributing cause" of the injury; and (2) "unexpected, unusual or extraordinary." A.R.S. § 23-1043.01(B). Whether stress experienced by a worker is unexpected, unusual or extraordinary "is determined 'from the standpoint of a reasonable employee with the same or similar job duties and training as the claimant.'" *Lawless v. Indus. Comm'n*, ___ Ariz. ___, ¶ 24, 571 P.3d 349, 353, ¶ 24 (App. 2025) (citation omitted). Stress inherent in employment is not unexpected, unusual, or extraordinary. *Id.*

¶15 Mental injuries caused by "the many differences and irritations to which all employees are subjected" are not compensable as workers' compensation injuries. *Lapare v. Indus. Comm'n*, 154 Ariz. 318, 320 (App. 1987) (citation omitted). Similarly, even when an employee experienced "a buildup of emotional stress for a period of years preceding the day [the employee] walked off the job," this Court concluded "[t]he conflicts [the employee] experienced were part of the usual, ordinary and expected incidents of [] employment." *Shope v. Indus. Comm'n*, 17 Ariz. App. 23, 25 (1972).

¶16 Several witnesses, colleagues and supervisors who were present at meetings, testified they did not observe Hogue mistreating employees, including Bottorff-Dragomir. Additionally, the audio evidence produced by Bottorff-Dragomir contradicted her assertions of what occurred during her meetings with Hogue and Keyser. This Court assumes that the ALJ weighed the credibility of the witnesses and will not disturb the ALJ's findings on appeal, absent an abuse of discretion. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975) (appellate courts do not independently review the evidence or make credibility determinations).

¶17 Sufficient evidence supports the ALJ's finding that Bottorff-Dragomir did not prove the work-related stress was unexpected, unusual or extraordinary. Although Bottorff-Dragomir claimed she felt "sick" and that her supervisors' actions were a "mental assault on her" the objective nature of the legal test does not consider Bottorff-Dragomir's subjective feelings. *France v. Indus. Comm'n*, 250 Ariz. 487, 491, ¶ 19 (2021). Thus, the ALJ did not abuse her discretion in finding a reasonable employee would not have found the work-related stress to be unexpected, unusual or extraordinary.

¶18 Although the ALJ discussed the medical reports in her findings, the ALJ determined that the injury was not "unexpected, unusual, or extraordinary" such that it supported medical causation. Therefore, this

Court rejects Bottorff-Dragomir's argument that the ALJ should have considered the medical evidence.

### B. Allegations of unequal treatment

**¶19** Bottorff-Dragomir argues that the ALJ compelled "unequal treatment" and acted with bias by improperly excluding evidence of Hogue's prior convictions and admitting an independent medical exam regarding her health.

**¶20** Bottorff-Dragomir attempted to admit evidence of Hogue's prior convictions to support her claim that she was the subject of "unexpected, unusual or extraordinary stress" related to her employment. A.R.S. § 23-1043.01(B). Bottorff-Dragomir claimed the convictions established "some basis for why I feel the way I feel." The ALJ explained to Bottorff-Dragomir that the convictions were over 13-years old and therefore not proper evidence to impeach Hogue's character. The ALJ further explained that Bottorff-Dragomir would have the chance to cross-examine Hogue and could try to establish her injury.

**¶21** Conversely, the ALJ allowed Respondents to admit an untimely amended independent medical report. A.A.C. R20-5-155(A). The Arizona Administrative Code requires submission of a medical report 25 days before the first scheduled hearing. A.A.C. R20-5-155(A). However, an ALJ may suspend the rule if there is a showing of good cause or the parties agree. A.A.C. R20-5-155(A).

**¶22** At a hearing on December 13, 2023, Bottorff-Dragomir objected to admission of the amended report. Alternatively, she proposed that if the ALJ admitted the report, her doctors, Dr. Bradley Williams and Dr. Michael Rockwell, be allowed to testify. Bottorff-Dragomir explained that if the ALJ accepted late reports from Respondent's counsel, then her medical testimony should also be heard. The ALJ then allowed Dr. Rockwell and Dr. Williams to testify.

**¶23** An ALJ is not bound by common law or statutory rules of evidence or procedure but must conduct a hearing "in any manner that will achieve substantial justice." A.R.S. § 23-941(F). Based on the record, this Court discerns no error or unequal treatment. The ALJ's determination of relevance regarding Hogue's convictions fell within the ALJ's discretion. Additionally, the record shows that Bottorff-Dragomir agreed to the admission of the independent medical report. A.A.C. R20-5-155(E)(2) (the

ALJ may suspend medical and non-medical reports filed into evidence "[i]f the parties agree that the judge may accept the medical report into evidence").

### C.  Other issues raised

**¶24**        To the extent that Bottorff-Dragomir appeals other objections raised during the hearing process, this Court finds no reversible error. For example, Bottorff-Dragomir contends that the ALJ should have allowed her husband to assist her during witness testimony because she was representing herself. But Bottorf-Dragomir's request for assistance came after she demonstrated an ability to ask relevant questions of witnesses on direct and cross-examination. That ruling was within the sound discretion of the ALJ, and this Court will not disturb it. *See Perry*, 112 Ariz. at 398. This Court's review of the record reveals the ALJ provided Bottorff-Dragomir the opportunity to fully present her relevant evidence such that the hearing provided substantial justice. A.R.S. § 23-941(F).

### CONCLUSION

**¶25**        This Court affirms the award.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR